

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CLARENCE SCOTT MILLER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:08-4177-HFF |
| | § | |
| LARRY POWERS, Director, | § | |
| Defendant. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 13, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on January 26, 2009.

In his objections, Plaintiff argues that Defendant has failed to conclusively prove that he was involved in a riot in the prison, which resulted in his being placed on administrative lock down. However, the issue in this case is not whether Plaintiff started a riot, but whether Defendant violated Plaintiff's constitutional rights.  Thus, this argument is without merit.

Plaintiff's remaining objections assert that the Magistrate Judge accepted Defendant's version of the events as true and disregarded the statements made by Plaintiff in response to Defendant's motion for summary judgment.  He argues, that by doing so, the Court is invading the province of the jury and depriving him of his right to a jury trial on disputed factual issues.   In consideration of these objections, the Court has conducted an independent evaluation of Plaintiff's complaint and his response filed in opposition to summary judgment.  Plaintiff provided the Court with a list of eleven disputed issues that he insists preclude summary judgment.  However, many of these issues deal with whether Plaintiff started a riot.  As noted above, these issues are not material to the dispute.  Others raise legal questions that Plaintiff has the burden of providing facts to support.  He has failed to do so.  Still others relate to the timing of medical aid given to Plaintiff.  These alleged "disputed factual issues" fail to establish that Plaintiff's rash constituted a serious medical need, necessary to state a claim for deliberate indifference to medical care under § 1983.  Thus, after carefully considering each of Petitioner's alleged disputed facts and his other filings in support of those facts, the Court agrees with the Magistrate Judge that summary judgment is still required.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that Defendant's motion for summary judgment be **GRANTED**.

2

**IT IS SO ORDERED**.

Signed this 2nd day of February, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.